# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| *Plaintiff,* | * |
| v. | *   **Case Number: PJM22-231** |
| | * |
| **JALEN McMILLAN,** | * |
| *Defendant.* | * |
| | * |

## SENTENCING MEMORANDUM

The Defendant, Jalen McMillan, is scheduled for sentencing on June 5, 2024, after having been found guilty of Conspiracy to Commit Bank Fraud and Aggravated Identity Theft. The defendant is seeking a variant sentence of two years and one day of imprisonment because of his lack of a criminal record, his exemplary work history and his family responsibilities. We believe that such a sentence is sufficient but not greater than necessary to comply with the goals of sentencing set forth in 18 U.S.C. § 3553(a).

### PERSONAL BACKGROUND

Jalen McMillan was born on October 10, 1993, in Chesapeake, Virginia. He is one of three children born to his mother, Donnita McMillan, and his father, Craig McMillan. Jalen resided in Virginia with his parents as a child. His father served in the U.S. Marine Corps and was deployed at times when Jalen was young. His father later worked for the state government in Virginia in various positions after retiring from the military. His mother maintained consistent employment as a teacher throughout his childhood.

Mr. McMillan's parents divorced when he was in third grade. He resided with his mother and his aunt, Kelly Lewis, initially after the divorce, and then with his father for about a year. When he was in sixth grade, Jalen and his mother moved to Maryland to reside and he has remained in Maryland since that time. Jalen's parents' divorce was stressful to him, and was one of the biggest challenges he faced during his childhood. Despite the divorce, Jalen has maintained frequent contact with his father after he moved to Maryland. In fact, as the Court will see, his father has submitted a letter of support.

The defendant's mother, Donnita McMillan, resides in Hanover, Maryland with his aunt, Kelly Lewis, his adult brother Micah McMillan and his cousin Nia Pretlow. Mr. McMillan's mother is employed by the Prince George's County Public School Board and his brother is completing training in a physical therapy program.

## SUBSTANCE ABUSE ISSUES

The defendant first consumed alcohol when he was 18 years old but only drinks socially. Mr. McMillan began to smoke marijuana regularly at age 18 but quit at the time his daughter was born. Since the date of his arrest, he has not used drugs of any type and has had no dirty urines while under Pre-Trial supervision.

## SENTENCING GUIDELINES CALULATION

According to the Pre-Sentence Report ("PSR") the base offense level is 7, USSG §§2X1.1(a) and 2B1.1(a)(1). According to the Government the intended loss of the scheme was $405,324.56. This amount is more than $250,000 but less than $550,000, therefore, 12 levels are added. USSG §2B1.1(b)(1)(G). Since he offense involved ten or more victims 2 levels are added. USSG §2B1.1(b)(2)(A)(i). [21] The offense is also alleged to have involved the possession of 5 or more means of identification that unlawfully were produced from or

obtained by the use of another means of identification. Because the defendant was employed as a Member Service Representative for Navy Federal Credit Union and used this position of trust to facilitate the commission of the offense, 2 levels are added. USSG §3B1.3. The defendant is also alleged to have obstructed justice by instructing his co-conspirator (Bell), to wipe his phone in order to destroy evidence that may be stored in the device. USSG §3C1.1 which adds another 2 points, eading to a total score of 27. Then 2 points are subtracted because the defendant is a Zero-Point Offender, USSG §§4C1.1(a) and (b). Mr. McMillan's final score is a offense level of 25 and a criminal history of I for a Guideline range of 57-71 months.

## THE RELEVANT SECTION 3553(a) FACTORS

There are a number of relevant 3553(a) factors we ask the Court to take into consideration. These include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to reflect the seriousness of the crime and promote respect for the law, provide adequate deterrence, protect the public from further crimes of the defendant, the need to provide the defendant with educational and vocational training and the need to avoid unwarranted sentencing disparities.

### History and Characteristics of the Defendant

Mr. McMillan is unlike most defendants who come before the Court Mr. McMillan has an excellent work history. Previously he was employed as a team leader and worked in the financial office at Sam's Club in Laurel, Maryland from 2012 or 2013 through 2016. As the court knows he was employed as a member service representative for Navy Federal Credit Union in Laurel, Maryland from 2016 through 2020. Although that employment was the basis

of his conviction in this case there is no evidence he ever presented an issue to any other employment he had.

The defendant reported he was employed as an IT worker for the National Science Foundation in Alexandria, Virginia from December 7, 2020, through August 2022. He noted he was let go from this employment when they became aware of his federal charges. Mr. McMillan was employed from May through July 2023 doing security for Jewish Communities.

Mr. McMillan has been in a relationship with Mia Williams for the several years. They have one daughter, Kreu McMillan. Mia Williams would state that Jalen is an excellent father and has a close relationship with his daughter.  Mr. McMillan has been greatly concerned with the support of his family if he is incarcerated for a lengthy period of time.

As attested by the letters attached to this Memorandum, he has been an excellent father, and a good friend to many. It could be said that this incident with Navy Federal Credit is truly aberrant behavior and nothing like Mr. McMillan's hsitory before or after this employment.

## CONCLUSION

For these reasons, the defendant respectfully submits that a two year and one day imprisonment would be sufficient but not greater than necessary to achieve the purposes of sentencing under § 3553(a). Being convicted and incarcerated has certainly worked to deter him from any criminal behavior. He is an intelligent person capable of working in a number of fields. After serving his sentence conditions can be imposed on him as part of his supervised release which would assure the court that there will be no further violations of the law. A long period of incarceration will only deprive his child of the support, both financially and emotionally, that she

needs.

          Respectfully submitted,

          Law Offices of Marc G. Hall, P.C.

          _____/s/_____
          Marc G. Hall
          Fed Bar No. 01386
          6411 Ivy Lane, Suite 304
          Greenbelt, MD 20770
          240 205-3041

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Document was electronically delivered, this 21st day of May 2024 to: The United States Attorney's Office, Greenbelt, MD.

          _____/s/_____
          Marc G. Hall